UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREY ZAGANTE, <br><br> Plaintiff, <br><br> -against- <br><br> FIRST UNUM LIFE INSURANCE COMPANY, <br><br> Defendant. | |

25-CV-06680 (JGK) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the discovery conference held on May 20, 2026, Plaintiff's application for discovery is GRANTED IN PART and DENIED IN PART, without prejudice to a future application seeking discovery into whether Defendant's internal employees who reviewed Plaintiff's long-term disability ("LTD") claim had any financial incentives to deny the claim. A court's review under the arbitrary and capricious standard "is generally limited to reviewing the administrative record of the plan administrator." *N'Diaye v. Metro. Life Ins. Co.*, No. 17-CV-4260 (GBD) (BCM), 2018 WL 2316335, at *5 (S.D.N.Y. May 8, 2018) (citation omitted). "District courts have discretion to admit evidence outside the administrative record, but only upon a showing of good cause. *Id*. (internal quotation marks and citation omitted.) To obtain conflict of interest discovery, Plaintiff must show that there is "a reasonable chance that the requested discovery will satisfy the good cause requirement." *Trussel v. CIGNA Life Ins. Co.*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008). "Under the reasonable chance standard, the plaintiff must make specific factual allegations to support the discovery request." *N'Diaye*, 2018 WL 2316335, at *6 (internal quotation marks and citation omitted). "To limit financial conflict of interest discovery from

becoming a fishing expedition, the plaintiff must present at least some allegations suggesting discovery on this issue is warranted." *Id*. Plaintiff has alleged that the independent consultant physicians had no relevant expertise to Plaintiff's claimed disability and that at least one has a track record of recommending denial of LTD benefits in 82% of the matters considered. These allegations are sufficient to support Plaintiff's request for limited financial conflict of interest discovery. Plaintiff, however, has not made sufficient allegations to support such discovery from Defendant's internal employees who reviewed Plaintiff's LTD claim.

Accordingly, after execution of an appropriate confidentiality agreement, Defendant shall produce:

1. Documents sufficient to show the total compensation paid by Defendants for work performed by the identified independent consultant physicians from January 1, 2023 through December 31, 2024;

2. Documents sufficient to show the total number of IPC reports (including addenda) prepared by each of them for Defendant during that period;

3. Documents sufficient to show the method or formula (e.g., hourly rate, per-report fee, monthly or annual retainer) used to determine the compensation paid by Defendant to these physicians for their work as independent consultants during that period, including any discounts or bonuses;

4. Documents sufficient to show the actual hours worked and actual fees charged by each of the identified independent consultant physicians for the reports and addenda they prepared with respect to Plaintiff's LTD claim;

5. Documents sufficient to show any other payments made by Defendant to the identified independent consultant physicians, or in consideration for their services, during the same two-year period;

6. Plaintiff's LTD claim file from the NaviLink system, to be produced on an attorneys'-eyes-only basis; and

7. Documents sufficient to show the types of information available to reviewers of Plaintiff's LTD file on the NaviLink system.

DATED: May 20, 2026          SO ORDERED.
        New York, NY

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**