UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREY ZAGANTE,<br><br>*Plaintiff*,<br><br>v.<br><br>FIRST UNUM LIFE INSURANCE COMPANY,<br><br>*Defendant*. | Case No. 1:25-cv-06680-JGK<br><br>**STIPULATED AGREEMENT AND CONFIDENTIALITY <u>ORDER</u>** |

WHEREAS, the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain material that may be confidential and nonpublic and they may need to disclose in connection with discovery or otherwise in this case; and

WHEREAS, the Parties, through their respective counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Confidentiality Order ("Confidentiality Order" or "Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Confidentiality Order—shall adhere to the following terms:

1. Any person subject to this Confidentiality Order who receives from any other person subject to this Confidentiality Order any discovery material (*i.e.*, information of any kind

produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Confidentiality Order shall not disclose such materials to anyone else except as expressly permitted hereunder.

2. Designation of "Confidential" Materials. "Confidential" materials are documents, information, testimony or tangible items ("Materials") so designated by the producing party. A party disclosing or producing the Materials that it believes to be "Confidential" may designate the same as "Confidential" or by using some similar designation, or by designating in writing (by correspondence or otherwise) that some or all Materials produced are "Confidential." A Party shall make the designation of "Confidential" only as to Materials which that Party reasonably and in good faith believes is confidential and entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. Any such designation shall be made at the time answers to interrogatories or answers to requests for the production of documents and information are served; or at the time that tangible things or copies of the Materials are furnished to a Party conducting such discovery; or, with respect to testimony taken at deposition, at the time a deposition is taken or within 30 days of receipt of a deposition transcript. If upon review any Party believes that any Materials designated by a designating Party are not "Confidential" as defined herein above, then the Party may challenge such designation under the procedures set forth in paragraph 18 below.

If timely corrected, an inadvertent failure to designate qualified Materials as "Confidential" does not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If Material is appropriately designated as "Confidential" after such Material was initially produced, the receiving Party, on timely notification of the

designation, must make reasonable efforts to assure that such Material is treated in accordance with the provision of this Order.

3. Scope of "Confidential" Designation. The special treatment accorded the documents designated "Confidential" under this Order shall reach:

(a) All documents designated "Confidential" under the terms of this Order;

(b) All copies of such documents;

(c) Any deposition transcript or exhibit, or portion thereof, that discusses such documents;

(d) Any portion of any discovery answer or response, affidavit, declaration, brief or other paper, filed with the Court, or as an exhibit to such paper that discusses such documents.

(e) Any deposition transcript or portion thereof that is designated "Confidential" under the terms of this Order; and

(f) All information contained in such documents or depositions.

4. Designation of "Attorneys' Eyes Only." Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any Party to this litigation or any third party who is covered by this Confidentiality Order, who produces or discloses any Attorneys' Eyes Only Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SUBJECT TO CONFIDENTIALITY AGREEMENT" (hereinafter "Attorneys' Eyes Only"). The Parties, and any other person who

agrees to be bound by the terms of this Confidentiality Order, are required to ensure that any use or disclosure of information designated "Attorneys' Eyes Only" be made consistent with the terms of this Confidentiality Order and all applicable laws.

5. Restrictions on Disclosure of Materials Designated as "Confidential" and "Attorneys' Eyes Only". Except with written prior consent of all parties and except as provided elsewhere in this Confidentiality Order, all Materials produced in this suit that are designated "Confidential" or "Attorneys' Eyes Only" and any information contained within those Materials (together, "Confidential Materials") shall be used solely for the preparation and trial of this action (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental or commercial, or in any other administrative, arbitration or judicial proceedings or actions. Confidential Materials and all information in them, may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated or otherwise communicated to any person other than:

(a) The parties to this litigation or Court personnel;

(b) Counsel for parties in this suit;

(c) Secretaries, paralegal assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

(d) Actual or potential deposition or trial witnesses to testify concerning the suit;

(e) Stenographers engaged to transcribe depositions conducted in this action; and

(f) Outside consultants and experts retained for the purposes of assisting counsel and the parties in the prosecution and/or defense of this suit.

6. Certification of Compliance. No person authorized to receive access to Confidential Materials under the terms of this Order (except for those persons identified in paragraph 5(a)-(c) of this Order) shall be granted access to them until such person has read this

Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit 1. These written agreements (in the form of Exhibit 1) shall be maintained by counsel for the parties and made available upon Order of the Court to any party.

7. Use of Confidential Materials at Depositions. Any Confidential Materials marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript and exhibits. When a party uses or refers to Confidential Materials at a deposition, at the request of the party asserting confidentiality, the portion of the deposition transcript that relates to such documents or information shall be stamped "Confidential" and sealed separately from the remainder of the transcript, and shall be treated as "Confidential" under the provisions of this Order.

8. Designating Portions of the Deposition Transcripts "Confidential" or "Attorneys' Eyes Only." Any party may, within thirty (30) days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as being "Confidential" or "Attorneys' Eyes Only." Deposition testimony or exhibits may be designated by stamping the exhibits "Confidential" or "Attorneys' Eyes Only" or by underlining the portions of the pages that are confidential and stamping such pages "Confidential" or "Attorneys' Eyes Only". Until expiration of the 30-day period, the entire deposition transcript, and all exhibits to it, will be treated as confidential under the provisions of this Order. If no party timely designates testimony or exhibits from a deposition as being "Confidential," none of the deposition testimony or exhibits will be treated as confidential. If no party timely designates testimony or exhibits from a deposition as being "Attorneys' Eyes Only," none of the deposition testimony or exhibits will be treated as for Attorneys' Eyes Only. If a timely "Confidential" or "Attorneys' Eyes Only" designation is made, such portions and exhibits shall be sealed separately from the remaining

portions of the deposition, subject to the right of any party to challenge such designation under paragraph 14.

9. Use of Confidential Materials in Papers Filed with the Court. Confidential Materials may be discussed or referred to in pleadings, motions, affidavits, briefs or other papers filed with the Court, or attached as exhibits to them, provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential" and separately filed in accordance with paragraph 10 of this Order.

10. Use of Confidential Materials in Court. Confidential Materials may be used or offered into evidence at the trial of this action, or at any hearing in this litigation, provided that when using Confidential Materials in Court, counsel for the party using the Confidential Materials shall take steps to insure against inadvertent disclosure of the Confidential Materials to persons not subject to this Order.

If any party desires that Confidential Materials be filed with the Court, that party shall give opposing counsel five (5) days notice. Thereafter, any party objecting to said filing may file a motion requesting that the papers be filed under seal and shall submit these papers to the undersigned Judge in chambers. The Court will review the materials in camera in order to determine if they meet the criteria for ordering them sealed. In the event the Court determines that the papers may not be sealed, they will be returned to the party filing the motion. If the papers are sealed, they will be maintained by the Clerk under seal for thirty (30) days after the final conclusion of this litigation, including all appeals, at which time they will be unsealed unless the proper party requests their return prior to that time. In that event, the papers will be returned to that party.

11. Use of "Attorneys' Eyes Only" Materials. All Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in paragraph 12, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on their evaluation of Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

12. Restrictions on Disclosure of "Attorneys' Eyes Only" Materials. Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions, who shall not make further disclosure to anyone except as allowed by this Confidentiality Order:

i. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

ii. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed Exhibit A attached hereto;

iii. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

iv. The Court and Court personnel;

v. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure, provided they have signed Exhibit A attached hereto, and provided that if Attorneys' Eyes Only is first

disclosed to a deponent during a deposition, the deponent shall promptly execute Exhibit A; and

vi. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearing including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request; and

vii. written agreement of counsel for the parties, or by Order of the Court.

13. Inadvertent Production. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14. Non-Termination and Return of Materials. The provisions of this Order shall continue to apply to all "Confidential" and "Attorneys' Eyes Only" materials and information after this action has been terminated. Upon termination of this suit, including all appeals, the parties shall return all "Confidential" and "Attorneys' Eyes Only" materials to the producing party. Alternatively, the parties and/or any producing party may agree in writing on appropriate methods of destruction.

15. No Admissions. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, for attorneys' eyes only; (3) is, or is not, admissible into evidence for any purpose; and (4) is, or is not, subject to inclusion in any "administrative record" filed in this cause.

16. Subpoenas. Nothing in this Confidentiality Order will prevent any person subject to it from producing any confidential material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17. Interim Protection. Confidential Materials produced by any party in response to discovery requests served after the filing of the complaint in this suit and prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order has been entered by the Court, unless the Court directs otherwise.

18. Procedures for Challenging "Confidential" or "Attorneys' Eyes Only" Designation. If upon review any party believes that any materials, information or tangible items designated by a designating party are not "Confidential" or "Attorneys' Eyes Only," then the non-designating party may challenge the designation by notifying the designating party in writing or by email within thirty (30) days of receipt of the material, information or tangible item

("Notification"). The written Notification must specifically identify the challenged materials, information or tangible items by bates-numbered pages where available, and state its objection (including a statement of the legal or factual basis for the objection). The designating party must then seek a protective order from the Court for such materials, information or tangible items. Failure to file a Motion for Protective Order within fourteen (14) days of receiving the Notification of a party's challenge to the designation shall cause such materials, information or tangible items to be excluded from the provisions of this Order. At all times, the designating party bears the burden of proving the materials, information or tangible items contain information appropriately subject to a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure. The filing of a Motion for Protective Order by the designating party within the time limit set forth above shall preserve the designation of said materials or items until a ruling by this Court on the Motion for Protective Order or the dismissal of this action.

Prior to submitting to this Court disputes regarding confidentiality of materials, the parties shall confer and shall report to this Court on the outcome of the conference.

SO STIPULATED AND AGREED.

*/s/ Paul M. Kampfer with permission*
Paul M. Kampfer
Hiller, PC
Attorneys for Plaintiff

Dated: July 16, 2026

*/s/ Rita E. Nerney*
Rita E. Nerney
Robinson & Cole LLP
Attorneys for Defendant

Dated: July 16, 2026

SO ORDERED

Dated: July 17, 2026
New York, NY

Robyn F. Tarnofsky
United Stated Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREY ZAGANTE, *Plaintiff*, v. FIRST UNUM LIFE INSURANCE COMPANY, *Defendant*. | Case No. 1:25-cv-06680-JGK **STIPULATED AGREEMENT AND ORDER FOR CONFIDENTIALITY OF INFORMATION** |

**Exhibit 1**

**ACKNOWLEDGEMENT OF CONFIDENTIALITY ORDER AND AGREEMENT TO BE BOUND**

In consideration of the disclosure to me of certain information which is subject to a Confidentiality Order of this Court I state as follows:

1. That I reside at ______________________________________, in the city and county of ________________________________________________ and the state of ____________________________.

2. That I have read and understand the Confidentiality Order dated _____________, entered into in the above styled civil action (the "Action");

3. That I agree to comply with and be bound by the provisions of the Confidentiality Order;

4. That I will not divulge to persons other than those specifically authorized by paragraph 5 of the Confidentiality Order, and will not copy or use, except solely for the purposes of this Action, any confidential document, item or information as defined by the Confidentiality Order, except as provided herein.

5. That I understand that if I violate the terms of the Confidentiality Order, I may be subject to an enforcement proceeding before this Court, including an application to have me held in contempt; and

6. That I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings seeking enforcement of the Confidentiality Order.

Signature: ______________________________

Date: ______________________________