Robinson+Cole

PATRICK W. BEGOS

One Station Place, Suite 800
Stamford, CT 06902
Main (203) 462-7500
Fax (203) 462-7599
pbegos@rc.com
Direct (203) 462-7550

Also admitted in Massachusetts
and New York

**By ECF**

November 20, 2026

APPLICATION GRANTED
SO ORDERED

John G. Koeltl, U.S.D.J.

11/21/26

Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**Re: Trey *Zagante v. First Unum Life Insurance Company***
**Case No. 25-cv-06680-JGK-RFT**

**LETTER MOTION TO SEAL THE ADMINISTRATIVE RECORD**

Dear Judge Koeltl:

Pursuant to Standing Order 19-MC-00583, Section 6 of the S.D.N.Y. Electronic Case Filings Rules and Instructions, and Section VII.A.2. of Your Honor's Individual Practices, Defendant First Unum Life Insurance Company ("First Unum") moves this Court for an order permitting it to file with the Clerk of the Court a non-redacted administrative record ("Administrative Record") in this ERISA action under seal for judicial review. Plaintiff Trey Zagante's ("Plaintiff") counsel consents to this letter motion.

District courts within the Second Circuit "enjoy[] considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in federal courts." *Grayson v. Gen. Elec. Co.*, 2015 WL 1867736, at *1 (D. Conn. Apr. 23, 2015) (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)).

Good cause exists to seal the Administrative Record, which spans more than 2400 pages. These documents are replete with information regarding Plaintiff's medical condition, diagnosis and treatment that may be protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). *See, e.g., Valentini v. Grp. Health Inc.*, No. 20CV09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) ("[B]ecause a plaintiff maintains significant privacy rights to her medical information, courts regularly seal records protected from disclosure by HIPAA."); *Offor v. Mercy Med. Ctr.*, 167 F. Supp.3d 414, 445

(E.D.N.Y. 2016) (collecting cases), *vacated in part on other grounds*, 676 Fed. Appx. 51 (2d Cir. 2017) ("Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information."); *Barnwell v. FCI Danbury*, 2011 WL 5330215, at *5 (D. Conn. Nov. 3, 2011) (sealing "records relating to [plaintiff's] personal medical treatment" because "[f]ederal law generally treats such records as confidential."); *Northrop v. Carucci*, 2007 WL 685173, at *3 n. 6 (D. Conn. Mar. 5, 2007) ("The record contains over 800 pages of plaintiff's medical records.... No motion to seal them has been filed. Courts ordinarily apply a strong presumption against sealing court records.... However, federal law treats medical records as confidential. .... Therefore, plaintiff's medical records will be sealed by the Clerk."). Accordingly, sealing the entire Administrative Record is the most narrowly-tailored means available for protecting Plaintiff's PHI.

In addition, the documents comprising the Administrative Record are laced with references to Plaintiff's social security number, date of birth, and other sensitive and personally identifiable information ("PII").

In light of the sheer volume of PHI and PII spanning the Administrative Record, virtually all of the documents submitted for judicial review would need to be redacted. This would be an extremely burdensome task. Making the Administrative Record available for public inspection would serve very little, if any, public purpose and would risk significant intrusion on Plaintiff's privacy. Disclosure of the information in the Administrative Record in the public record, if left unredacted in error, could cause serious and irreparable injury to Plaintiff by disclosing highly private and personal information. As a practical matter, there is no less restrictive alternative available than submitting a non-redacted Administrative Record directly to the Clerk of the Court under seal.

In light of all of the foregoing, Defendant respectfully requests that the Court enter an order permitting it to file a non-redacted Administrative Record under seal for judicial review with the Clerk of the Court.

Respectfully submitted,

/s/ *Patrick W. Begos*
Patrick W. Begos

cc: All Counsel of Record (by ECF)